### HUGHITT et al. v. WAYNE COUNTY SECURITIES CO.

(Circuit Court of Appeals, Seventh Circuit. November 26, 1917.)

No. 2390.

APPEAL AND ERROR ☜1073(7)—REVIEW—HARMLESS ERROR.

Where, in an action tried to the court without a jury, interest on the amount due plaintiff was wrongfully withheld, and that amount exceeded an item asserted to have been erroneously allowed, the judgment may be affirmed by the reviewing court; for where the trial court in an action at law. where a jury has been waived, commits an error in his conclusions of law, but renders such judgment as is clearly right, the appellate court is justified in ordering an affirmance.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action on contract for sale of ties by the Wayne County Securities Company, a corporation, against Marvin Hughitt, Jr., and others. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Harry A. Biossat, of Chicago, Ill., for plaintiffs in error.

Otto Gresham, of Chicago, Ill., for defendant in error.

Before BAKER, KOHLSAAT, and EVANS, Circuit Judges.

PER CURIAM. Upon consent of parties, this action was tried by the court without a jury, and resulted in judgment for defendant in error for $8,462.32 and costs. This aggregate represented the sum total of several items, all but one of which are now conceded to be established by the evidence. The complaint of plaintiffs in error in respect

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to this one item seems well taken. But it affirmatively appears that the court wrongfully withheld interest on the amount clearly due defendant in error, and this interest exceeds the alleged error in the item to which reference has been made.

Upon this state of the record, counsel for plaintiffs in error challenge our right to affirm the judgment, insisting that we are required to reverse and direct the granting of a new trial. This contention we must reject. Where the trial court in an action at law, where the jury has been waived, commits error in his conclusions of law, but renders such judgment as is clearly right, this court is amply justified in ordering an affirmance. Anglo-American Land M. & A. Co. v. Lombard, 132 Fed. 735, 68 C. C. A. 89; Fort Scott v. Hickman, 112 U. S. 150, 165, 5 Sup. Ct. 56, 28 L. Ed. 636.

The judgment is affirmed.